**[Cite as *State v. Hoagland*, 2022-Ohio-718.]**

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-27 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-81 |
| | : | |
| NICHOLUS BRANDON HOAGLAND | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 11th day of March, 2022.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

TRAVIS KANE, Atty. Reg. No. 0088191, 130 West Second Street, Suite 460, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Nicholus Brandon Hoagland appeals from his conviction following a guilty plea to one count of illegally conveying drugs onto the grounds of a detention facility, a third-degree felony.

{¶ 2} Hoagland's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel identifies two potential issues for review: (1) whether the trial court complied with Crim.R. 11 in accepting the guilty plea, and (2) whether the trial court erred in imposing a 36-month prison sentence. Counsel concludes that both issues are frivolous and requests permission to withdraw from further representation. We notified Hoagland of the *Anders* filing and gave him an opportunity to submit his own brief. Hoagland did not file a pro se brief.

{¶ 3} Having conducted an independent review, we agree with appointed counsel's assessment and find no non-frivolous issues for appeal. Accordingly the trial court's judgment will be affirmed, and counsel's request for permission to withdraw from further representation will be granted.

## I. Background

{¶ 4} Hoagland was indicted on the above-referenced charge as well as charges of aggravated drug trafficking and aggravated drug possession. He later entered into a negotiated plea agreement. In exchange for a guilty plea to the illegal-conveyance charge, the State agreed to dismiss the other charges. The parties also agreed to waive a presentence investigation, and the State agreed to recommend a prison sentence

concurrent with a sentence Hoagland was serving out of Madison County. Finally, Hoagland agreed to forfeit certain property and to pay court costs. At the conclusion of a Crim.R. 11 plea hearing, the trial court accepted the guilty plea. The trial court proceeded to impose a three-year prison sentence with discretionary post-release control of up to three years. The trial court ordered the prison sentence to be served concurrently with the Madison County sentence. The trial court imposed no fine but ordered Hoagland to pay court costs.

## II. Analysis

{¶ 5} Under *Anders*, we must conduct an independent review to determine whether Hoagland's appeal is wholly frivolous. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 6} As set forth above, appointed appellate counsel questions whether the trial court complied with Crim.R. 11 in accepting the guilty plea and whether it erred in imposing a 36-month prison sentence. Both issues lack arguable merit. The record reflects that the trial court fully complied with the requirements of Crim.R. 11(C)(2)(a), (b), and (c) and that Hoagland entered his guilty plea knowingly, intelligently, and voluntarily.

{¶ 7} With regard to Hoagland's sentence, appellate review is governed by R.C. 2953.08(G)(2). Under that statute, we may vacate or modify a sentence only if the record does not support findings made under certain enumerated statutes or if the sentence is contrary to law. Here none of the statutes mentioned in R.C. 2953.08(G)(2) apply. In addition, Hoagland's 36-month sentence is not contrary to law because it falls within the statutory range for his offense and the trial court considered the principles and purposes of sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. We note too that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42.

{¶ 8} Finally, our independent review of the entire record, including the plea and sentencing hearing transcripts, has not revealed any non-frivolous issues for consideration.

### III. Conclusion

{¶ 9} Having found no issue for appeal with arguable merit, we affirm the judgment of the Champaign County Common Pleas Court. Appointed appellate counsel's request for permission to withdraw from further representation is granted.

. . . . . . . . . . . .


DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Kevin Talebi
Travis Kane
Nicholus Brandon Hoagland
Hon. Nick A. Selvaggio